Matter of Pressimone v New York City Hous. Auth. (2025 NY Slip Op 02630)

Matter of Pressimone v New York City Hous. Auth.

2025 NY Slip Op 02630

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-23-1658
[*1]In the Matter of the Claim of Anthony Pressimone, Appellant,
v
New York City Housing Authority et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 27, 2025

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, McShan and Mackey, JJ.

Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Housing Authority and another, respondents.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 18, 2023, which ruled, among other things, that claimant was entitled to a 20% schedule loss of use award for his left arm.
In 2020, claimant sustained work-related injuries, including to his left shoulder, when he slipped and fell from a ladder, and established a claim for workers' compensation benefits. In 2022, following the development of the record as to permanency of his left shoulder injury, claimant submitted the medical report of Jeffrey Guttman, an orthopedic surgeon, who opined that claimant had reached maximum medical improvement and sustained a 45% schedule loss of use (hereinafter SLU) of his left arm. The self-insured employer submitted a medical report from its orthopedic consultant, who opined, based upon his examination, that claimant sustained a 20% SLU of his left arm.
Given the differing medical opinions regarding claimant's SLU, the Workers' Compensation Board issued a Notice of Proposed Conciliation decision, dated June 30, 2022, directing the parties to produce — within 90 days — deposition transcripts and an application for counsel fees in the event that the parties could not reach an agreement regarding claimant's SLU. The 90-day deadline for the filing of deposition transcripts and counsel fee application was September 28, 2022.[FN1] The deposition of the carrier's consultant was timely filed. As for Guttman's deposition, the record contains three subpoenas for deposition dates on September 19, 2022, September 23, 2022 and October 31, 2022, all of which were issued on August 25, 2022. Guttman was ultimately deposed on October 31, 2022, which was beyond the deadline for filing deposition transcripts set by the Board. Although the June 30, 2022 Board decision noted that any requests for extensions of time to file deposition transcripts could be requested prior to the date upon which the transcripts were due, no request for an extension of time was made.
Thereafter, in a decision filed December 9, 2022, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, precluded Guttman's testimony and medical report as he neither appeared nor offered good cause for not appearing.[FN2] Based upon the remaining medical opinion of the employer's medical consultant, the WCLJ found that claimant had a permanent partial impairment resulting in a 20% SLU of his left arm and awarded benefits — which were payable within 10 days in order to avoid any potential penalty against the employer. Although also initially making no award for counsel fees, the WCLJ, in an amended decision filed January 4, 2023, approved counsel fees of $20,000 — as requested in a fee application filed with the Board in December 2022 — and directed that such fees be a lien on claimant's award.
Upon administrative appeal, the Board affirmed in an August 18, 2023 decision that part of the WCLJ's decision precluding Guttman's medical report and testimony given his failure to timely appear [*2]pursuant to the September subpoenas. However, the Board rescinded that part of the WCLJ's decision that awarded counsel fees, finding that the fee application was not timely filed, which caused prejudice to the employer as it had paid the full award to claimant pursuant to the WCLJ's December 9, 2022 decision and there were no additional monies from which an award of counsel fees could be made. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from the Board's August 18, 2023 decision.
Under the circumstances here, we agree with claimant's contention that the Board erred in precluding Guttman's medical report and testimony based upon his failure to timely appear for a deposition.
The procedure for deposition of a claimant's physician is set forth in 12 NYCRR 300.10 (c), which states: "When the employer or its carrier or special fund desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose. If the physician is not produced at such adjourned hearing, a further adjournment shall be granted only when the referee finds there is sufficient excuse for the physician's nonappearance, which excuse shall be noted on the record and conditioned upon the resort by the employer or its carrier, or special fund to a subpoena for the next hearing. If such adjournment is granted and the physician does not appear, unless extraordinary circumstances are shown, the referee shall proceed to determine the claim upon the evidence in the record. The obligation to invoke court action for the enforcement of the subpoena shall be that of the employer or its carrier or special fund." We further note that the Board has stated that "[r]equesting an extension of time for the cross-examination of the claimant's doctor is the responsibility of the carrier as it is the party seeking cross-examination and it must apply for such an extension in accordance with any directions set forth by the WCLJ" (Employer: Raymond Desamours , 2016 WL 7494019, *4, 2016 NY Wrk Comp Lexis 13667, *11 [WCB No. G100 7356, Dec. 22, 2016]).
The employer issued three subpoenas scheduling Guttman's deposition on September 19, 2022, September 23, 2022 and October 31, 2022. It appears that Guttman's unavailability was known at the time the initial two subpoenas were served, as those subpoenas, as well as the subpoena for the October deposition, were all witnessed on the same day, i.e., August 25, 2022. At both scheduled depositions in September, the employer stated that it was aware that Guttman was unavailable on either date in September, noting that a deposition on October 31, 2022 had been confirmed. Acknowledging that the confirmed deposition of Guttman was past the deadline imposed by the June 30, 2022 Board decision, the employer — at both September appearances — stated its intention to request an extension in order to complete the deposition. The employer further [*3]stated that it would seek preclusion of Guttman's medical report and testimony if an extension was not granted or Guttman did not appear at the October deposition.
The employer, apparently fully aware — in advance of issuing the subpoenas, on August 25, 2022, for the September deposition dates — that Guttman was unavailable, confirmed Guttman's availability for deposition for a date certain beyond the Board-imposed deadline. In addition, despite the employer twice stating its intentions, the record reflects no extension request being made by the employer for relief pursuant to the procedure set forth in the June 30, 2022 Board decision. Considering these circumstances, those initial subpoenas should be given no weight and it was error for the Board to preclude Guttman's reports and testimony based upon his failure to timely appear pursuant to the initial subpoenas (see Employer: Concern Home Care Inc., 2021 WL 5034528, *4, 2021 NY Wrk Comp LEXIS 6756, *9-10 [WCB No. G258 5001, Oct. 26, 2021]).[FN3]
Next, we find no reason to disturb the Board's decision rescinding the counsel fee award. Notwithstanding the June 30, 2022 Board decision directing claimant's counsel to file a fee application, if any, by September 28, 2022, counsel did not file a fee application until December 7, 2022.[FN4] Moreover, the employer would be prejudiced by an award of counsel fees based upon the untimely application as the employer has paid the full award to claimant pursuant to the December 9, 2022 WCLJ decision and no further money or award is owing.
Garry, P.J., Egan Jr., McShan and Mackey, JJ., concur.
ORDERED that the decision is modified, on the law, without costs, by reversing so much thereof as precluded the medical opinion of claimant's physician; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The Board's decision incorrectly states that the depositions transcripts were to be filed within 75 days of the June 30, 2022 Board decision.

Footnote 2: The WCLJ decision filed December 9, 2022 erroneously states that, as of the date of the decision, Guttman had not been deposed.

Footnote 3: To the extent that the employer contends that Guttman's report should be precluded on the basis that he is an independent medical examiner, not a treating physician, and, therefore, submission of this medical report did not comply with Workers' Compensation Law § 137, such issue, although raised upon administrative appeal, was not addressed by the Board as a basis for preclusion of Guttman's medical report and testimony. As such, this Court cannot address the issue in the first instance.

Footnote 4: Although the application for counsel fees is dated November 3, 2022, as noted by the Board, it was not filed until December 2022 and was not visible at the time the WCLJ wrote the decision that was filed on December 9, 2022.